**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Stephen Miner

    v.                                              Civil No. 06-cv-242-JD

Glenn Libby, Superintendent,
Grafton County Department of
Corrections, et al.

**O R D E R**

Proceeding pro se, Stephen Miner ("Miner" or "plaintiff") has filed this action pursuant to 42 U.S.C. § 1983 and Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, et seq., against employees of the Grafton County Department of Corrections ("GCDC") and the Grafton County Commissioners.[1]  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons explained fully in the Report and Recommendation issued simultaneously with this Order, I direct that the ADA, Equal Protection, conditions of

---

[1] Miner has named the following defendants to this action: GCDC Superintendent Glenn Libby ("Libby"), GCDC Corporal Diane Arsenault ("Arsenault"), GCDC Officer Jason Reed ("Reed"), GCDC Officer Michael Dunn ("Dunn"), GCDC Captain Roland Lafond ("Lafond"), and the Grafton County Commissioners, who are not individually identified.

confinement, deficient disciplinary hearing due process, and unreasonable strip search claims proceed and that defendants Libby, Lafond, Reed, and Dunn be served with this action.[2]

My review of the file indicates that Miner has not completed the necessary summons forms for defendants Libby, Lafond, Reed, and Dunn.[3] Plaintiff must prepare a separate summons form for each defendant to be served and submit them to the Clerk's Office within thirty (30) days of the date of this Order. Upon receipt of the completed summonses, the Clerk's office shall issue the summonses against defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses and copies of the complaint (document no. 1), the Report and Recommendation issued this date, and this Order. Upon receipt of the necessary documentation, the U.S.

---

[2] In the Report and Recommendation issued this date, I recommend that Miner's claim alleging retaliatory punishment as well as defendants Arsenault and the Grafton County Commissioners be dismissed from this action.

[3] I am aware that Miner previously attempted to serve this complaint on the defendants and has previously completed summons forms. Because Miner's previous attempt at service was deemed insufficient by this Court on September 20, 2006, Miner must resubmit a summons form for each of the defendants he seeks to serve.

Marshal's office shall effect service upon Defendants.  <u>See</u> Fed. R. Civ. P. 4(c)(2).

Defendants are instructed to answer or otherwise plead within twenty days of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    November 8, 2006

cc:      Stephen Miner, pro se