```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Stephen Miner

   v.                                    Civil No. 06-cv-242-JD
                                          Opinion No. 2008 DNH 038

Grafton County Department
of Corrections, Superintendent
Glenn Libby, et al.


O R D E R

Stephen Miner, proceeding pro se and in forma pauperis, brought suit against Superintendent Glenn Libby, Grafton County Department of Corrections ("GCDC"), Officers Jason Reed and Michael Dunn, and Captain Ronald LaFond. Following preliminary review, Miner's claim under the Americans with Disabilities Act ("ADA") and his claims under 42 U.S.C. § 1983 were allowed. The defendants move for summary judgment, contending that Miner did not exhaust his administrative remedies as is required under 42 U.S.C. § 1997e(a). Miner objects to summary judgment.


Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party. See id. at 255. When the party moving for summary judgment also bears the burden of proof at trial, summary judgment will not be granted unless no reasonable jury could find for the nonmoving party. See E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de P.R., 279 F.3d 49, 55 (1st Cir. 2002); Winnacunnet v. National Union, 84 F.3d 32, 35 (1st Cir. 1996).

In opposing summary judgment, "an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A statement that is signed under the penalties of perjury is also competent evidence to oppose summary judgment. Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 689 (1st

Cir. 1993). In this district, memoranda submitted in support of and in opposition to summary judgment must include a statement of material facts with appropriate record citations, and all properly supported material facts in the moving party's factual statement are deemed to be true unless they are properly opposed by the adverse party. LR 7.2(b).

## Background

Superintendent Libby filed an affidavit and exhibits in support of the defendants' motion for summary judgment. Miner did not submit an affidavit, a sworn statement, or any evidence to support his opposition to summary judgment. Therefore, the statements in Libby's affidavit are taken as true and provide the background information presented here.

Miner was incarcerated at the GCDC as a pretrial detainee from May 24, 2006, until July 25, 2006, when he was transferred to the New Hampshire State Prison. He alleges that he lacks a right hip joint, making his right leg four inches shorter than his left leg. He wears a homemade orthopedic shoe, which is a shoe with flipflops glued to the bottom to make a bigger sole, and uses a cane.

Miner received a copy of the GCDC rules and regulations during the intake process. That document explains that grievance

forms can be requested from the unit officer who will forward the grievance to the officer in charge for review by the captain. The document also describes the rules and disciplinary process used in the facility.

Miner filed grievance forms dated May 30, June 12, and July 2.  The May 30 grievance addressed conduct by Officer Clark, who is not a defendant in this suit, and the issue raised is unrelated to the claims in this suit.  On June 12, Miner complained about the food in his housing unit, which is not a claim raised in this suit and the officer involved is not a defendant here.  On July 2, Miner wrote that while he was brushing his teeth, one broke, and he sought a dental appointment.  Again, that issue is not raised in his complaint. Miner filed no grievance forms that address the claims he raises here.

An incident report dated June 4, 2006, charges Miner with flooding the handicap cell, where he was housed, by flushing a pair of pants down the toilet.  During the same incident, Miner swore at the officer who was helping him clean his cell and threw a urine-soaked wad of toilet paper at the camera in his cell, blocking its view.  He was put into lockdown status pending review.  Following the review, the report was included in Miner's file, but he was not disciplined.

On June 13, Miner refused to cooperate while the nurse was administering his medications and an officer was checking his mouth to be sure he swallowed the medication. He also pressed against the officer and suggested that she check his rectal area. He refused to obey when she told him to step back. The officer had Miner removed to the disciplinary block.

When he arrived in the disciplinary block, Miner was ordered to remove his shoes for inspection. He refused and swore at the officers. One of the officers told Miner that he would be sprayed if he did not give them his shoes. In response, Miner threw his shoes, including his homemade orthopedic shoe, at the officers, hitting one of them.

Disciplinary reports were written for both incidents, and a hearing was held on June 15 on the charges. Miner pled guilty to using obscene, abusive, or profane language and was found guilty of refusing to comply with simple orders and of throwing his shoes at officers. He was assigned to lock down status for seven days for the first incident and another seven days for the second incident. He did not appeal that decision.

Miner filed his complaint in this case on July 3, 2006.

Discussion

Miner alleges that he has a disabling physical condition and that the defendants violated the ADA by failing to provide him with adequate accommodation for his disability, which would include housing him in an appropriately equipped cell and allowing him to use his cane and his orthopedic shoe. Under § 1983, Miner alleges that by denying him his cane and orthopedic shoe, the defendants deprived him of his right to equal protection, that he was denied all access to personal hygiene products and showers for five days in administrative segregation in violation of the Fourteenth Amendment, that he was denied due process prior to punishment, and that he was subjected to unreasonable strip searches. The defendants assert, supported by the affidavit of Superintendent Libby, that Miner failed to file grievances related to any of his claims.

Section 1997e(a) requires prisoners to exhaust all available administrative remedies before bringing a claim under federal law that challenges prison conditions. The exhaustion requirement applies to claims under the ADA as well as claims under § 1983. Porter v. Nussle, 534 U.S. 516, 524 (2002); Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2383 (2006); O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1058 (9th Cir. 2007). Exhaustion under § 1997e(a) is an affirmative defense, and defendants who prove a

failure to exhaust are entitled to have unexhausted claims dismissed.  Jones v. Bock, 127 S. Ct. 910, 921, 923-26 (2007); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

In this case, the defendants provide Libby's affidavit that Miner filed only three grievances while he was incarcerated at GCDC.  Those grievances are unrelated to the claims in Miner's complaint.  Although Miner states in his objection that he did file grievances and that he discussed his grievances with Libby and LaFond, he failed to provide an affidavit or sworn statement to support his allegations.  In addition, Miner's statements about his grievances, even if they were properly supported, are too vague to oppose the defendants' evidence.

Miner states generally that he filed "the required Grievances."  He also states that he "made a note of one grievance" and quotes the contents of his note.  Miner's "note," however, only says that he was "exhausting," that he met with Libby on two occasions about unspecified grievances, and that he handed grievances to Officer Devine and was assured that they were submitted.  Miner also states that cassettes could show the content of his meetings with LaFond but offers no insight into what those meetings were about.

7

None of Miner's statements provide any information about the subject matter addressed in his grievances. It is undisputed that Miner filed three grievances on topics unrelated to the claims in his complaint. Therefore, his statements about grievances, even if properly supported, do not provide evidence that he filed grievances on the subject matter of the claims raised here.

In the absence of properly supported facts showing a dispute as to whether Miner filed the required grievances, the defendants have provided conclusive evidence that Miner did not exhaust his available administrative remedies. Therefore, the defendants are entitled to summary judgment on all claims.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 24) is granted. The clerk of court shall enter summary judgment in favor of the defendants on all claims and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 19, 2008

cc:   Brian J.S. Cullen, Esquire
      Donald E. Gardner, Esquire
      Donald L. Smith, Esquire
      Stephen Miner, pro se